## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

|  |  |
|---|---|
| Christopher Kiel, | : |
| Plaintiff, | : Civil Action No.: 2:15-cv-60 |
| v. | : |
| Kohl's Department Stores, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT AND** |
| | : **DEMAND FOR JURY TRIAL** |
| Defendant. | : |

For this Complaint, the Plaintiff, Christopher Kiel, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.      The Plaintiff, Christopher Kiel ("Plaintiff"), is an adult individual residing in Ankeny, Iowa, and is a "person" as defined by 47 U.S.C. § 153(39).

5.      Defendant Kohl's Department Stores, Inc. ("Kohl's"), is a Delaware business entity with an address of N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051, and is a "person" as defined by 47 U.S.C. § 153(39).

6.     Does 1-10 (the "Agents") are individual collectors employed by Kohl's and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.     Kohl's at all times acted by and through one or more of the Agents.

## FACTS

8.     In March 2014, Kohl's began placing calls Plaintiff's cellular telephone, number 515-xxx-2314, in an attempt to collect a consumer debt (the "Debt") from a person other than Plaintiff (the "Debtor").

9.     Kohl's placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

10.     When Plaintiff answered the calls, he heard a prerecorded message indicating that it was attempting to collect the Debt from the Debtor and asking for the last four digits of the Debtor's social security number.

11.     Plaintiff does not have an account with Kohl's.

12.     Plaintiff has no business relations with Kohl's and never requested by an agreement or otherwise that he be contacted.

13.     Plaintiff never provided his cellular telephone number to Kohl's and never provided his consent to Kohl's to be contacted on his cellular telephone.

14.     The calls caused Plaintiff a great deal of frustration and intruded on his right to be free from unwanted invasions.

2

15.     Plaintiff spoke with Kohl's in an attempt to get the calls to stop. Plaintiff advised Kohl's that he was being called in error and directed Kohl's to remove his number from the account and cease all calls to him.

16.     Nonetheless the calls continued.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et. seq.*

17.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     Plaintiff never provided his cellular telephone number to Kohl's and never provided his consent to Kohl's to contact him at his cellular telephone.

19.     Without prior consent and over his objection, Kohl's called Plaintiff on his cellular telephone using an automated or prerecorded voice, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

20.     The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

3

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent

   pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing

   pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 19, 2015

Respectfully submitted,

By <u>/s/ Amy L. Cueller</u>

Amy L. Cueller, Esq.. #15052-49
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-Mail: acueller@lemberglaw.com
Attorneys for Plaintiff

4